UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEJANDRO JIMINEZ, | § | CV. NO. 5:14-CV-1021-DAE |
| Plaintiff, | § | |
| vs. | § | |
| REGIUS VERUS FOODS, LLC, and JESUS NOE CORTES, | § | |
| Defendants. | § | |

ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

Before the Court is a Motion for More Definite Statement filed by Defendants Regius Verus Food, LLC and Jesus Noe Cortes (collectively, "Defendants") (Dkt. # 9). After careful consideration of the memoranda in support of and in opposition to the Motion, the Court **DENIES** Defendants' Motion for More Definite Statement.

BACKGROUND

On November 17, 2014, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. ("FLSA") (Dkt. # 1). Plaintiff alleges that he was an employee of Defendant Regius Verus Foods as a food service worker and that Defendants failed to pay him the minimum wage and overtime wages as required under FLSA. (Id.

1

at 4.)  The Complaint seeks a declaration that Defendants violated Plaintiff's rights under FLSA, payment of overtime wages and unpaid minimum wages, liquidated damages, costs, and attorney's fees.  (Id. at 5.)  Defendants filed their Motion for More Definite Statement and Subject thereto, Original Answer on December 9, 2014.  (Dkt. 9.)  Plaintiff filed a Response on December 12, 2014.  (Dkt. # 11.)

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

The pleading standard set out in Rule 8(a) is a liberal one; it does not require a plaintiff to plead with specificity the facts giving rise to his or her claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "the pleading standard Rule 8 announces does not require detailed factual allegations" (internal

2

quotation marks omitted)); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that under Rule 8(a)'s notice pleading standard, "[s]pecific facts are not necessary"). As a result, Rule 12(e) motions are generally disfavored and are used "to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Davenport v. Rodriguez, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001); see also Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) ("In view of the great liberality of [Rule 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."). Thus, a motion for a more definite statement will be granted only when a pleading is so "barren of specifics," United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 690 n.15 (1973), that the opposing party is unable to respond.

## DISCUSSION

Defendants' Motion argues that Plaintiff's allegations are "ambiguous and vague" and "have wholly prevented Defendant[s] from adequately responding." (Dkt.# 9 at 1.) Defendants ask that Plaintiff state his positions of employment, the dates of his employment, his rate of pay, the dates on which he was allegedly not paid in accordance with FLSA requirements, and how much he alleges he is owed. (Id.)

Plaintiff's Complaint is not so vague and ambiguous that Defendants cannot reasonably prepare a response. The Complaint alleges that Plaintiff was employed by Defendants as a food service worker in Bexar County from August 2011 through April 2012 and from October 2012 through September 2014. (Dkt. # 1 ¶¶ 4.2–4.3.) The Complaint further alleges that Plaintiff was never paid overtime wages for working more than forty hours per week, (id. ¶ 4.4), and was not paid the minimum wage while employed between August 2011 and April 2012. (Id. ¶ 4.5.) The Complaint further cites the specific provisions of FLSA on which Plaintiff's claim is based. (Id. ¶¶ 5.3–5.5.) These allegations are sufficient to satisfy the liberal standard for pleading under Rule 8(a), and are certainly not so unintelligible or lacking in specificity that Defendants are unable to respond. Indeed, Defendants have responded by answering with specific denials of the allegations set forth in the Complaint. (Dkt. # 9 at 2–3.) The additional factual detail that Defendants seek is properly sought not by requiring Plaintiff to amend his complaint, but instead through discovery.

## CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendants' Motion for More Definite Statement.

**IT IS SO ORDERED**.

**DATE**: San Antonio, Texas, January 8, 2015.

_____

David Alan Ezra
Senior United States Distict Judge